## S97A0209. SMITH v. THE STATE.
### (483 SE2d 589)

FLETCHER, Presiding Justice.

A jury convicted James Donald Smith of malice murder in the death of David Overstreet.[1] He appeals contending the trial court erred in failing to instruct the jury on involuntary manslaughter. Because the evidence did not support a charge of involuntary manslaughter, we affirm.

1. The evidence at trial showed that on November 15, 1994, Smith and Overstreet were attending a party and Smith insulted Overstreet's girl friend. When Overstreet demanded an apology, Smith and Overstreet had a verbal argument. During the argument, Smith briefly displayed a knife and threatened Overstreet with it. As the argument continued, Smith again pulled his knife from his pocket and jumped over a couch and began stabbing Overstreet in the neck and chest. Smith contended that Overstreet was the aggressor and that Overstreet was stabbed when he ran into the knife and the two grappled on the floor. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Smith guilty of the crimes charged beyond a reasonable doubt.[2]

2. Smith contends that the trial court erred in failing to charge the jury on the law of involuntary manslaughter under OCGA § 16-5-3 (a).[3] That section provides that a person commits involuntary manslaughter when he kills another "without any intention to do so by the commission of an unlawful act other than a felony." The state's evidence showed that Smith specifically threatened the victim with a knife and the victim had multiple stab wounds. Smith testified that Overstreet attacked him and his counsel argued that he acted in self-

---

[1] The crime occurred November 16, 1994. Smith was indicted on August 7, 1995. Following a jury trial, he was found guilty of malice murder on December 13, 1995 and sentenced to life in prison. Smith filed a motion for new trial on December 28, 1995, which he amended on June 28, 1996. The trial court denied the motion on September 5, 1996. Smith filed a notice of appeal on September 27, 1996; the appeal was docketed in this Court on October 30, 1996, and the case was submitted without oral argument for decision on December 23, 1996.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Smith concedes that a charge on involuntary manslaughter under OCGA § 16-5-3 (b) was not supported by the evidence.

defense.[4] This evidence would have allowed the jury to find that the death occurred as a result of the felony of aggravated assault[5] or that it occurred in self-defense. The jury was not authorized to find that the death occurred as·a result of an unlawful act other than a felony, and, therefore, the trial court correctly refused to give a charge on involuntary manslaughter under OCGA § 16-5-3 (a).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1997.

*W. Kenneth Blackstone,* for appellant.

*Glenn Thomas, Jr.,* District Attorney, *John B. Johnson,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *H. Maddox Kilgore,* Assistant Attorney General, for appellee.

---

[4] Smith also testified that Overstreet was charging him and as he tried to move out of the way, the knife hit him. We need not consider whether this evidence would be sufficient to justify a charge under OCGA § 16-5-3 (a) because his counsel specifically rejected accident as a defense.

[5] *Harris v. State,* 257 Ga. 385, 386 (359 SE2d 675) (1987) (unlawful use of knife while repeatedly stabbing someone constitutes felony of aggravated assault).