S99A0081. JENKINS v. THE STATE.<br>(512 SE2d 269)

HUNSTEIN, Justice.

Spencer Jenkins was convicted in May 1998 for the malice murder of Lorenzo Pope, who died as a result of multiple stab wounds inflicted by appellant. Appellant was sentenced to life imprisonment. He appeals from the denial of his motion for new trial.[1]

1. The jury was authorized to find that appellant and Pope resided in adjoining duplexes on Atlas Street in Macon, Georgia. Appellant became angry with Pope when Pope refused to return appellant's transmission until appellant satisfied a bill for automotive work Pope completed on appellant's car. After the argument, appellant went to his duplex and obtained a butcher knife. On the way back to Pope's duplex, appellant threw a cinder block into the

---

[1] The homicide occurred on December 30, 1997. Jenkins was indicted in Bibb County on February 3, 1998 on the charge of murder. He was found guilty on May 20, 1998 and sentenced to life imprisonment. His motion for new trial was filed May 26, 1998 and denied on September 29, 1998. A notice of appeal was filed on September 29, 1998. The appeal was docketed in this Court on October 7, 1998 and submitted for decision without oral argument.

windshield of Pope's vehicle. Appellant then kicked in Pope's front door and began to fight with Pope, stabbing and beating him. Appellant continued to beat Pope even after a police officer repeatedly demanded that he stop. The officer pulled his gun and was about to shoot appellant in order to stop the assault when appellant's mother stepped in and subdued her son.

Viewed in a light most favorable to the verdict, we find this evidence sufficient to enable a rational trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in refusing to give several requested jury instructions.

(a) This is not one of those factual situations under *Turner v. State*, 262 Ga. 359 (2) (418 SE2d 52) (1992) which mandated a charge on accident in addition to the charge on self-defense. The victim in this case sustained multiple stab wounds to the chest, neck and head. Appellant continued to severely beat the victim after the police ordered him to stop. There was no evidence in this case to support a charge on accident. See *Head v. State*, 262 Ga. 795 (6) (426 SE2d 547) (1993).

(b) It was not error for the trial court to refuse to give appellant's requested charges that appellant had the right to resist a robbery perpetrated by Pope because none of the elements of a robbery, OCGA § 16-8-40, was present in the case. It is not error for a trial court to refuse to give jury instructions which are not adjusted to the evidence. *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997).

(c) The refusal of the trial court to give appellant's request to charge on reckless conduct as a lesser included offense to murder was not error. In appellant's statement to police and in his testimony at trial he admitted that he knowingly hit the victim while the butcher knife was in his hand. When the evidence shows completion only of the greater offense, it is unnecessary for the trial court to charge on the lesser offense. *Waugh v. State*, 263 Ga. 692 (5) (437 SE2d 297) (1993).

(d) It was also not error for the trial court to refuse to charge on the offense of involuntary manslaughter as a lesser included offense to murder. Involuntary manslaughter, OCGA § 16-5-3 (a), requires that the unlawful act underlying the unintentional death of the victim be an act other than a felony. In this case, the jury was not authorized to find that Pope died as a result of the commission of an unlawful act other than a felony. *Smith v. State*, 267 Ga. 838 (2) (483 SE2d 589) (1997).

(e) Contrary to appellant's contention, the trial court did charge on justification and the charge, taken as a whole, was correct and

complete. See *Gardner v. State*, 263 Ga. 197 (7) (429 SE2d 657) (1993).

(f) It was not error for the trial court to refuse to charge on mutual combat because there is no evidence of a mutual agreement to engage in a fight. Mutual combat requires that both parties are at fault and are willing to fight because of a sudden quarrel. *McClendon v. State*, 231 Ga. 47 (3) (199 SE2d 904) (1973). Mutual combat generally involves deadly weapons and the mutual intention of using them. *Donaldson v. State*, 249 Ga. 186 (3) (289 SE2d 242) (1982). The trial court did not err in refusing to give a mutual combat charge because there was no evidence of a mutual intention to fight in this case.

3. Pre-autopsy photographs introduced by the State showed the victim's extensive wounds some of which the emergency medical team sutured at the scene. Appellant objected to the introduction of these photographs because the photos did not accurately reflect the state of Pope's body immediately after the attack. Under the general rule that pre-autopsy photographs of a victim are generally admissible, *Hayes v. State*, 268 Ga. 809 (5) (493 SE2d 169) (1997), we conclude there was no abuse of the trial court's discretion in allowing photographs which depicted the end result of emergency medical efforts but did not otherwise meaningfully alter the state of the victim's body. *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). Moreover, assuming arguendo the photographs could have been cropped to eliminate the objectionable part, their admission was harmless error in light of the overwhelming nature of the evidence supporting the jury's verdict. *Gilchrist v. State*, 270 Ga. 287, 289 (5) (508 SE2d 409) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED MARCH 5, 1999.

*Robert M. Bearden, Jr.,* for appellant.

*Charles H. Weston, District Attorney, Howard Z. Simms, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.