### S01A0006. LAMB v. THE STATE.
(546 SE2d 465)

HINES, Justice.

Kevin Lamb was convicted of malice murder in connection with the fatal stabbing of Mark Anthony Smith. He appeals his conviction and the denial of his motion for new trial, challenging the trial court's admission of similar transaction testimony, the trial court's refusal to instruct the jury on battery and simple battery as lesser included offenses, and the sufficiency of the evidence. Finding the challenges to be without merit, we affirm.[1]

---

[1] The victim's body was found on August 25, 1997. On December 16, 1997, a Muscogee County grand jury indicted Lamb, along with Benjamin Black, Timmy Hand, and John Les-

On August 25, 1997, the body of Mark Anthony Smith was found under a walkway at an elementary school in Columbus. Smith had been stabbed and had abrasions on his knees and legs and defensive wounds on his hands and fingers. He died as the result of two stab wounds to the abdomen that caused massive intra-abdominal and external hemorrhaging. A confidential source informed police that Kevin Lamb, John Lesley, Benjamin Black, and Timmy Hand might have been involved.

The evidence construed in favor of the verdict showed that late in the evening of August 23, 1997 or in the early morning hours of August 24, 1997, Lamb, Lesley, Black, and Hand were drinking and driving around looking for women when they happened upon Smith. Lesley, who like his three friends is Caucasian, yelled a racially inflammatory remark at Smith, an African American. Smith responded in kind, and Lesley exited the car and began to chase Smith. Lesley continued the chase on foot, while Lamb, Black, and Hand followed in the car. As Lesley pursued Smith onto the school premises, Lamb and Black left the car and joined the chase; Hand stayed behind. Before leaving the car, Black removed a knife that was in between the car seats and stuck it in his pants. Earlier that night and in the presence of Lamb, Lesley, and Hand, Black had put the knife in his pocket.

The chase continued and Smith scaled a fence to try and escape, but Lamb and his cohorts pursued him. Finally, Smith was cornered by the three men. Lamb struck Smith in the face with a beer can, Lesley beat him, and Black fatally stabbed him. When Lamb returned to the car, he had a beer can which was "all beat up," and Lamb told Hand that he had beaten Smith in the face with a beer can. Black had a bloody knife in his possession and blood on his shorts, and told Hand that he had "poked" Smith. The four men returned to Hand's home, and Black again stated that he had "poked a man."

---

ley, for malice murder, felony murder while in the commission of aggravated assault, and possession of a knife during the commission of a felony. Lamb was tried, with co-defendant Black, before a jury April 1-3, 1998. Lamb was found guilty of malice murder and not guilty of possession of a knife during the commission of a felony. An order of nolle prosequi was entered on the felony murder charge. On April 3, 1998, Lamb was sentenced to life imprisonment for malice murder. Lamb's trial counsel filed a motion for new trial on May 4, 1998. Lamb, acting pro se, filed a "motion for new trial and out of time appeal" on December 15, 1998. The "motion for out of time appeal" was denied on December 17, 1998. On June 19, 2000, new counsel was appointed to represent Lamb on appeal. Lamb, pro se, filed an amendment to his "motion for new trial" on June 21, 2000. On July 19, 2000, appellate counsel filed an amended motion for new trial, which was denied on August 10, 2000. A notice of appeal to the Court of Appeals was filed August 14, 2000. The Court of Appeals transferred the appeal to this Court on September 7, 2000, and the appeal was docketed in this Court on September 12, 2000. The case was submitted for decision on November 6, 2000.

Lamb claimed that because he had a cast on his leg he could not get out of the car and remained there when the others chased Smith. However, there was evidence that the cast was a soft "cast shoe," that Lamb was able to walk short distances without crutches, and that Lamb did not let his condition stop him from doing anything.

1. The trial court allowed the State to introduce evidence of a robbery and aggravated assault committed by Lamb and the co-indictees approximately ten days after Smith's murder. Lamb contends that the trial court erred in allowing testimony of the incident as a similar transaction because the State sought admission of the evidence for purposes other than to show Lamb's "bent of mind," when, under Georgia law, that is the only permissible purpose of such evidence. He further contends that the offered similar transaction was insufficiently similar to the crime charged. But such contentions are without merit.

Evidence of an independent offense or act may be admitted for purposes other than to show a defendant's bent of mind, including to demonstrate a defendant's course of conduct, motive, intent, or lack of mistake. *Glaser v. State*, 272 Ga. 757, 759 (2) (535 SE2d 231) (2000). See also *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). As to Lamb's further claim that the later incident was not admissible because of certain dissimilarities with the fatal attack on Smith, a transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences. *Smith v. State*, 270 Ga. 68, 69 (2) (508 SE2d 145) (1998); *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995).

The incident of robbery and aggravated assault was similar to the attack on Smith in several striking and telling respects so as to warrant its admission. The incidents were close in time and both took place in the late hours of the night in the area in and around Columbus. In both cases, Lamb, Black, Lesley, and Hand acted in concert to pursue and attack the male victims, who were strangers to them. In fact, Lamb and his three friends did "everything together," and Lamb referred to them as "the four horsemen." In each instance, Lesley initiated the encounter with the victim, Hand lingered behind, and Lamb joined the attack, although physically impaired, and smashed each victim in the face with an object. And significantly, both criminal episodes were in the nature of hate crimes because Lamb and his cohorts targeted the male victims apparently out of prejudice. The attack on Smith began with a racial slur and the subsequent attack stemmed from the men's discussion about "rolling a homosexual."

2. Lamb contends that the trial court should have instructed the jury on battery, OCGA § 16-5-23.1, and simple battery, OCGA § 16-5-

23, as lesser included offenses because the only evidence of his involvement with Smith's death was that he hit him in the face with a beer can, and consequently, the jury could have believed that Lamb did not intend to participate in the stabbing. However, neither battery nor simple battery are lesser included offenses of malice murder as a matter of fact in this case. The indictment charged Lamb and the others with malice murder by stabbing Smith to death. And there was no evidence whatsoever that Lamb's beating of Smith was a separate act; the evidence was that the beating was part and parcel of the collective fatal attack on the victim. Thus, even if battery and simple battery were considered to be lesser included offenses, "[w]hen the evidence shows completion only of the greater offense, it is unnecessary for the trial court to charge on the lesser offense. [Cit.]" *Jenkins v. State*, 270 Ga. 607, 608 (2) (c) (512 SE2d 269) (1999).

3. Finally, Lamb fails in his contention that the evidence does not support the verdict because he did not inflict the stab wounds, and there was no evidence of malice. But the evidence was that Lamb was a willing participant in the harassing, chasing, and beating of the victim which led to the fatal outcome. Thus, the jury was authorized to infer from his conduct that he aided and abetted the murder. *Sharpe v. State*, 272 Ga. 684, 685 (1) (531 SE2d 84) (2000). As to the question of malice, there is no requirement of premeditation or a preconceived intention to kill; "malice aforethought can be formed instantly." *Wynn v. State*, 272 Ga. 861 (1) (535 SE2d 758) (2000). The evidence was sufficient for a rational trier of fact to find Lamb guilty beyond a reasonable doubt of the malice murder of Smith. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Crawford L. Seals, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.