S01A1184. BLACK v. THE STATE.
(553 SE2d 818)

HUNSTEIN, Justice.

Benjamin Black was convicted of malice murder and possession of a knife during the commission of a crime arising out of the stabbing death of Mark Anthony Smith. He appeals from the denial of his motion for a new trial.[1] Finding sufficient evidence to support the verdict and no error in the trial court's evidentiary rulings, we affirm.

1. On August 24, 1997, appellant was out drinking with three friends, Lamb, Leslie and Hand, when Mark Smith passed their car. Leslie yelled a racially inflammatory statement and Smith allegedly answered back. Leslie then jumped from the car and started chasing Smith while the others followed, first in the car and then appellant and Lamb on foot. When the three men caught Smith, Leslie started beating him while Lamb struck him in the face with a beer can and appellant stabbed him multiple times in the abdomen. At trial, Hand testified that when appellant returned to the car, he had a bloody knife and blood on his shorts. Later, when all four were at Hand's house, appellant told witnesses that he had "poked a man." Smith's

---

[1] The crimes occurred on August 24, 1997. Black was indicted December 16, 1997 in Muscogee County. He was tried together with co-defendant Kevin Lamb, whose conviction was affirmed in *Lamb v. State*, 273 Ga. 729 (546 SE2d 465) (2001). He was found guilty on April 3, 1998 and was sentenced to life imprisonment with a consecutive five-year sentence on the possession charge. Black's motion for new trial, filed April 21, 1998 and amended on February 22, 2001, was denied March 13, 2001. A notice of appeal was filed March 13, 2001. The appeal was docketed May 9, 2001 and was submitted for decision on the briefs.

body was found the following day. It was stipulated at trial that he died as the result of two stab wounds to the abdomen that caused massive bleeding. Based on information from a confidential informant, police questioned the four men. Appellant, after being advised of his *Miranda* rights, gave a statement in which he initially blamed the stabbing on his co-indictees. In a later statement appellant admitted that he only meant to "stick" the victim but he pushed too hard and stabbed him instead.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his incriminating statement to the police was improperly admitted at trial in contravention of OCGA § 24-3-50 because it was induced by the fear of injury, namely, the investigating officer's comment informing appellant that death is a possible penalty for a murder conviction. We disagree. Our review of the interrogation reveals that the investigating officer was merely discussing the potential legal consequences of the killing with a comment which did not threaten appellant with any personal harm. See *Martin v. State*, 271 Ga. 301 (2) (518 SE2d 898) (1999). We find no merit in appellant's assertion that an interrogating police officer cannot mention that death is a possible penalty for a murder conviction unless there is evidence establishing the existence of a statutory aggravating circumstance as set forth in OCGA § 17-10-35, since the decision whether or not to seek the death penalty is a discretionary matter within the professional judgment of the district attorney, not a police officer. See *Crowe v. State*, 265 Ga. 582 (24) (458 SE2d 799) (1995). Finally, our review of the *Jackson-Denno* hearing fails to support appellant's claim that the trial court made improper comments during cross-examination of the interrogating officer or otherwise inadequately performed its duties.

3. This Court in *Lamb v. State*, 273 Ga. 729 (1) (546 SE2d 465) (2001) addressed the admission of evidence at appellant and Lamb's joint trial of an aggravated assault and robbery committed by appellant, Lamb and their co-indictees approximately ten days after Smith's murder. Appellant claims our ruling that it was not error to admit this evidence is not applicable to him because he tried to protect the assault victim while the others were trying to rob and injure him. The evidence showed that appellant sat on the assault victim's chest and beat him with his fists. While appellant argues that he stopped Lamb from striking the assault victim with a portable gas heater, the jury was authorized to find that appellant was actually only attempting to protect himself from being struck. Appellant's argument challenging the similarity of the offenses was resolved

adversely to him in *Lamb*, supra. Accordingly, we find no error in the admission of the similar transaction evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*Clark C. Adams, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.