S05A1320. DAVIS v. THE STATE.
(621 SE2d 446)

MELTON, Justice.

Kenya Davis was convicted of felony murder and possession of a firearm by a convicted felon in the shooting death of Nicholas "Little Nick" Grant. He appeals from the denial of his motion for new trial.[1] We affirm.

1. The evidence adduced at trial showed that, on October 7, 1999, appellant was driven to the victim's apartment complex by Eddie Raymond. There, appellant chased the victim and then shot him four times. Two witnesses to the incident, Larcenia Ballenger (commonly referred to as "Peaches") and Jack Connally, identified Raymond as the driver, and Raymond was apprehended in April 2000. At trial, Raymond testified that he witnessed appellant shoot Little Nick. In addition, appellant admitted to the murder in a taped phone call to Walter Hardy, an incarcerated friend. In addition, similar transaction evidence was admitted showing that, in September 2000, appellant shot Peaches and Jack "execution-style" in retaliation for their cooperating with the police. The subsequent police investigation into

---

[1] The murder occurred on October 7, 1999. Davis was indicted in DeKalb County on charges of malice murder, two counts of felony murder, aggravated assault, and possession of a firearm by a convicted felon. He was found guilty on June 20, 2003 on all charges except the malice murder and sentenced that same day to life in prison plus a consecutive five-year term for the possession conviction. The remaining counts stood vacated by operation of law. *Malcolm v. State,* 263 Ga. 369 (4) (434 SE2d 479) (1993). Davis filed a motion for new trial on July 9, 2003 which was denied August 25, 2004. His appeal filed September 27, 2004, was dismissed as untimely on November 22, 2004. An out-of-time appeal was granted on March 11, 2005, and a timely notice of appeal filed on April 7, 2005. The appeal was docketed in this Court on May 3, 2005, and submitted for decision on the briefs.

this double homicide further assisted the police in identifying appellant as a perpetrator in the Little Nick murder.

The evidence was sufficient to enable a rational trier of fact to find appellant guilty of felony murder and possession of a firearm by a convicted felon beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit in appellant's assertion that the trial court erred by refusing to continue the trial to allow him time to review certain witness statements relating to similar transaction evidence of the shooting of Peaches and Jack. "Whether to grant a motion for continuance is entirely within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Greene v. State*, 274 Ga. 220, 221 (3) (552 SE2d 834) (2001). Prior to trial, the State provided a supplemental police report regarding the murders of Peaches and Jack to appellant's attorney, which included a list of witnesses prepared by the police, as well as summaries of statements made by the witnesses and appellant. The State could not locate, and therefore did not produce until five days before trial, the non-summarized witness statements at issue here. On the first day of trial, appellant's counsel requested a continuance to investigate all of the similar transaction evidence that had been produced. However, except for the witness statements, appellant had access to the police report on the criminal investigation of the Peaches and Jack murders well before trial commenced and thoroughly and effectively cross-examined the State witnesses about the similar crimes evidence. Given that appellant has failed to demonstrate any harm from the denial of the motion for continuance, we find no error. See *Roberts v. State*, 272 Ga. 822, 824 (2) (537 SE2d 86) (2000).

3. Nor was there an abuse by the trial court in allowing the similar transaction evidence of the Peaches and Jack murders to be presented to the jury.

> Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B).

*Palmer v. State*, 271 Ga. 234, 239 (8) (a) (517 SE2d 502) (1999). Pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the

trial court conducted a hearing to determine the admissibility of the similar transaction evidence the State sought to introduce. The trial court determined that the State's evidence met the standard of proof necessary for the admission of the similar transaction evidence. Based on our review of the record, the trial court's finding was not clearly erroneous and thus will not be disturbed on appeal where there existed a sufficient connection between the independent acts and the crimes charged and where the evidence presented was probative of appellant's course of conduct and bent of mind. See *Smith v. State*, 273 Ga. 356 (2) (541 SE2d 362) (2001).

4. The court did not err in admitting letters written by appellant to another of appellant's accomplices, Carlos Johnson, while they were under investigation in connection with each of the three murders. In the letter, appellant attempted to persuade his accomplice not to talk to the police and to join him in a story he fabricated about their involvement with Peaches and Jack. The letter highlighting appellant's attempt to obstruct the investigation was relevant and admissible as an admission by conduct. See *Collins v. State*, 273 Ga. 93 (3) (538 SE2d 47) (2000).

5. At trial, the State presented the recording and a transcript of that recording of a three-way telephone conversation made between appellant, Walter Hardy, and Hardy's girlfriend that was recorded immediately after Little Nick's murder while Hardy was incarcerated in the DeKalb County jail. During the conversation, appellant reveals his involvement in the victim's murder. Contrary to appellant's assertion that the State failed to establish a proper foundation for the recording, the testimony of the custodian of records of inmate phone calls that the jail recording system accurately records the phone calls; that the calls are stored in a computer databank; that the recorder was working properly; that inmates are aware that their telephone conversations are subject to being recorded; that the recording had not been altered; and that the investigating detective recognized the voices on the recording as belonging to appellant, Hardy and Hardy's girlfriend, was sufficient to establish the authenticity and correctness of the recordings. *Gambrel v. State*, 260 Ga. 197 (2) (391 SE2d 406) (1990); *Page v. State*, 249 Ga. 648 (2) (b) (292 SE2d 850) (1982).

6. The State introduced copies of letters purportedly authored by appellant and directed to Hardy written during appellant's post-arrest incarceration. Appellant objected to the admission of these letters on the ground that the State had not provided a proper foundation for admitting them. An investigator with the prosecutor's office testified that Hardy had identified one letter as a letter handed to Hardy by appellant. At trial, Hardy refuted the investigator's testimony and refused to answer any questions about the exhibit

because, he claimed, the State had refused to fulfill the reciprocal agreement it had made in order to secure Hardy's testimony about the letters. Because appellant's correspondence to Hardy merely reiterated information contained in other properly admitted correspondence written to another individual, admission of the letter was harmless beyond a reasonable doubt even assuming, arguendo, that the letter at issue should not have been admitted after the recipient of the correspondence refused to testify. See *Myers v. State*, 275 Ga. 709 (572 SE2d 606) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*Robert Kenner, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Robert E. Statham III, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.