S06A1456. DANIELS v. THE STATE.
(637 SE2d 403)

HINES, Justice.

Keith Daniels appeals his convictions for malice murder and armed robbery in connection with the fatal stabbing of convenience store cashier John Floyd Duncan. He challenges the admission of evidence of a similar transaction and the sufficiency of the evidence of his guilt. The challenges are without merit, and we affirm.[1]

---

[1] The crimes occurred on August 1, 1993. On December 1, 1993, a Grady County grand jury indicted Daniels for the malice murder and armed robbery of Duncan. Daniels was tried before a jury March 28-29, 1994, and found guilty of both charges. On March 29, 1994, he was sentenced to life in prison for the malice murder and a consecutive 20 years in prison for the armed robbery. A motion for new trial was filed on April 28, 1994, amended on October 5, 2005,

The evidence construed in favor of the verdicts showed that on August 1, 1993, police responded to the possible robbery of a convenience store in Cairo. They found the body of cashier Duncan lying in a pool of blood in a rear storage room. Duncan had sustained 17 separate stab and cutting wounds to his torso, five of which were potentially fatal, a stab wound to the back of his wrist appearing to be a defensive injury, numerous blunt force injuries, and a severe compression injury to the left side of his neck. The cause of death was multiple stab wounds, accompanied by the compression injury to the neck, and a pre-existing heart condition.

At 9:45 that morning, a woman, who worked across the street, walked to the convenience store because she saw a gray Mustang in the store parking lot that resembled her cousin's car. Upon entering the store, she saw Duncan standing in the back, motioning for her not to enter. She became scared and left. Approximately 11 minutes later, a customer entered the store; no one appeared to be present, there was an awful smell, a burning cigarette was in the ashtray, items were on the counter, and the cash register was open. Believing that something was wrong, the customer left the store and alerted the attendant at the site's gas station. The attendant found the slain cashier and notified police.

The store's owner determined that $128 had been taken from the cash register. Daniels' fingerprints were found on a bottle of vinegar and a can of beef stew on the counter by the register; the register's last receipt reflected the prices for those items. The blood pool surrounding the victim contained shoe prints consistent with Daniels' shoe size. Daniels' sister owned a gray Mustang, which was sometimes driven by Daniels.

Daniels claimed that he did not visit the store that day, and offered alibi witnesses at trial.

1. The trial court permitted the State to introduce evidence of a March 1991 armed robbery at another convenience store in Cairo. Daniels was charged with this earlier armed robbery, and on July 10, 1991, pled guilty to robbery by intimidation for such incident; he was sentenced to ten years to be served on probation.

Daniels contends that the admission of this prior crime was error because there was insufficient similarity or connection to the present crimes and because it was introduced for the inappropriate purpose of emphasizing the differences between it and the crimes on trial. He claims that the State wanted to show that he changed his crime plan

and denied on October 18, 2005. A notice of appeal was filed on November 15, 2005, and the case was docketed in this Court on May 3, 2006. The appeal was submitted for decision on June 26, 2006.

to one that would leave no witnesses in contrast to the 1991 crime in which the victim was left alive. But the assertions are unavailing.

The trial court held a hearing to determine the admissibility of the similar transaction evidence that the State sought to introduce. The prosecution's stated purposes for introduction of the 1991 crime were to show "intent, motive, malice, [a common criminal] plan, scheme, bent of mind, as well as modus operandi." The trial court determined that the State's evidence of the prior crime met the standards for admission under *Williams v. State*, 261 Ga. 640, 641 (2) (b) (409 SE2d 649) (1991), which include findings about the propriety of the State's purpose in offering the evidence and the transaction's sufficient similarity to the crimes on trial.[2]

Daniels cites differences between the criminal events as demonstrating that the prior transaction should not have been put before the jury. However, "a transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences." *Lamb v. State*, 273 Ga. 729, 731 (1) (546 SE2d 465) (2001). Here, the similarities were numerous. The incidents were close in time, almost within a two-year period of each other; each involved the morning robbery of a lone male employee at a convenience store in Cairo; the employee was forcibly moved around the store; money was taken from the cash register; the robbery was accomplished with a weapon other than a firearm;[3] and a borrowed vehicle was used for transportation in perpetration of the crimes.

There is no basis to disturb the trial court's determination that evidence of the 1991 crime was admissible as a similar transaction. *Davis v. State*, 279 Ga. 786, 787 (3) (621 SE2d 446) (2005).

2. Daniels also contends that the evidence, which was largely circumstantial, was insufficient to support his convictions because he presented testimony that he was somewhere other than the crime scene at the time in question and also presented a reasonable explanation for his fingerprints on the grocery items, i.e., that they were the result of prior visits to the store.

However, the jury determines witness credibility, and it was authorized to disbelieve the alibi testimony. *Moore v. State*, 268 Ga. 420, 421 (1) (489 SE2d 842) (1997). Moreover, questions as to the reasonableness of hypotheses are generally for the jury to decide and

---

[2] The State also sought to introduce evidence of Daniels' possible involvement in a murder and armed robbery at yet another Cairo convenience store occurring a month after the present crimes; however, the trial court refused to allow such evidence, even though it found "numerous similarities" to the present crimes, because the court concluded that there was insufficient evidence that Daniels was the perpetrator of these later crimes.

[3] Daniels used a tire iron in the 1991 crime.

where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, this Court will not disturb such finding unless the verdict of guilty is insupportable as a matter of law. *Murray v. State*, 271 Ga. 504, 505 (1) (521 SE2d 564) (1999). And that is certainly not the case here. The evidence was sufficient to authorize a rational trier of fact to find Daniels guilty beyond a reasonable doubt of malice murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 2006.

*Billy M. Grantham*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.