## S08A0569. HARVEY v. THE STATE.
### (660 SE2d 528)

THOMPSON, Justice.

Appellant Nathaniel Harvey was convicted of malice murder and armed robbery arising out of the beating death of 79-year-old Hosie Eldell and sentenced to two terms of life in prison.[1] He appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence authorized the jury to find that during an argument with the victim over a woman, appellant struck the victim in the head several times with the victim's cane, causing the cane to break and a sharp edge of the broken cane to cut the victim's neck. Appellant then took the victim's wallet and car and drove to Atlanta. The victim was found dead in his apartment two days after the attack as a result of blunt force trauma to his head and a fatal wound to his neck. This evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant previously had been convicted in Coffee County Superior Court of voluntary manslaughter in connection with the killing of George Day. The court admitted evidence of this prior offense after conducting a hearing in full compliance with the mandate of *Williams v. State,* 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Appellant enumerates as error the admission of this similar transaction evidence.

> Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the indepen-

---

[1] The crimes occurred on February 9, 2003. Harvey was indicted by a Coffee County grand jury on March 22, 2004, and charged with malice murder, felony murder predicated on the underlying felony of aggravated assault, and two counts of armed robbery. Trial commenced on September 29, 2004, and the jury returned its verdict on September 30, 2004, finding Harvey guilty of all charges. On October 1, 2004, the trial court vacated the felony murder count based on the malice murder conviction and merged the two armed robbery counts into one. The court sentenced Harvey to two consecutive terms of life in prison for the malice murder and armed robbery counts. Harvey filed a motion for new trial on October 29, 2004, which he amended on August 22, 2007. The motion as amended was denied on September 12, 2007. Harvey filed a notice of appeal on October 5, 2007. The appeal was docketed in this Court on December 11, 2007, and submitted for decision on the briefs on February 4, 2008.

dent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter.

*Palmer v. State*, 271 Ga. 234, 239 (8) (a) (517 SE2d 502) (1999). See also Uniform Superior Court Rule 31.3 (B). Here, the trial court determined the evidence presented was probative of appellant's motive, course of conduct and bent of mind and that there was sufficient connection between the prior offense and the crimes charged. The court specifically found that in both instances appellant knew the victim and obtained the weapon from the victim, both incidents arose from arguments with the victim and resulted in the victim being struck or shot in the head, neither victim was in a position to defend himself, and in both cases appellant attempted to conceal evidence. Based on our review of the record, the trial court's findings were not clearly erroneous and will not be disturbed on appeal. See *Davis v. State*, 279 Ga. 786, 787 (3) (621 SE2d 446) (2005).

3. Appellant contends the trial court erred in denying his motion for a change of venue. More specifically, he argues he could not receive a fair trial in Coffee County because he was in danger of violence being committed against him because of his 1983 conviction and this community hostility influenced jurors.

To prevail on a motion for change of venue pursuant to OCGA § 17-7-150 (a), a defendant must show either that the setting of the trial was inherently prejudicial or that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible.

*Cheeks v. State*, 203 Ga. App. 47, 49 (416 SE2d 336) (1992). The decision to grant or deny a change of venue lies within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Welch v. State*, 237 Ga. 665 (229 SE2d 390) (1976).

In support of the motion for change of venue, trial counsel submitted two newspaper articles concerning the death of Mr. Eldell and one 1983 newspaper article concerning the death of George Day. Each of the articles was factual in nature. Counsel also stated in his place that three community members had spoken to him about the case, including allegations that threats may have been made against appellant. The court reserved ruling on the motion until after voir dire, when the judge found insufficient evidence of jury taint and

denied the motion. At the hearing on the motion for new trial, trial counsel acknowledged that no potential juror indicated during voir dire that he or she was aware of the 1983 homicide, stating that they "simply [didn't] know what happened twenty or thirty years ago."

We find no abuse of discretion in the court's determination that this evidence failed to show a reasonable probability that appellant was in danger of violence or that the trial setting was inherently prejudicial due to pretrial publicity or community knowledge about the case. See *Cunningham v. State*, 248 Ga. 558, 562 (8) (284 SE2d 390) (1981) (rejecting "small town syndrome" argument in absence of evidence of juror prejudice); *Welch*, supra, 237 Ga. 665 (1) (newspaper publicity prejudices case so that accused cannot receive fair trial if potential jurors formed fixed opinions as to guilt or innocence from reading publicity). Accordingly, the motion for change of venue was properly denied.

4. Appellant asserts ineffective assistance of counsel on several grounds. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999). The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

(a) Appellant claims counsel was ineffective in presenting the motion for change of venue because he failed to conduct a "citizen survey" and present affidavits and witnesses establishing the community's concern about the trial and alleged threats being made against appellant. We find neither deficiency in counsel's performance nor a reasonable probability that, had the suggested additional actions been taken, a change of venue would have been granted. That counsel could have taken action that he did not does not necessarily render his performance deficient. See *Ford v. State*, 255 Ga. 81, 86 (8) (c) (335 SE2d 567) (1985). Moreover, appellant has not produced any witnesses or affidavits that would have shown the jury was tainted. Finally, appellant has not shown how live evidence or a citizen survey could have accomplished any more than the introduction in evidence of existing pretrial publicity or the voir dire of potential jurors. See id.

(b) Appellant's claim that counsel spent inadequate time preparing him for his testimony " 'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)' [Cit.]" *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). Counsel testified that one of his primary goals at trial was to keep appellant off the stand and that he had advised appellant not to testify. On the morning of trial, however, appellant informed counsel that he intended to testify. Counsel then requested and was granted time to prepare appellant for his testimony. Counsel's failure to prepare appellant prior to trial was not deficient performance inasmuch as counsel was not made aware until the morning of trial that appellant had decided to testify. See *Escobar v. State*, 279 Ga. 727 (5) (620 SE2d 812) (2005) (trial counsel cannot be deemed ineffective for failing to locate alibi witness whose existence was not brought to counsel's attention). Moreover, appellant has failed to demonstrate how additional preparation time would have changed the outcome of his case.

(c) Similarly, appellant cannot show prejudice with regard to his assertion that counsel was deficient by failing to interview all witnesses and visit the crime scene because he has made no proffer as to what a more thorough investigation would have uncovered. *Roberts v. State*, 263 Ga. 807, 808 (2) (b) (439 SE2d 911) (1994).

(d) Counsel's failure to insist that the court hold an evidentiary hearing with live witnesses to determine the admissibility of similar transaction evidence was not ineffective assistance. Uniform Superior Court Rule 31.3 "clearly grants the trial court the discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence." *Hall v. State*, 181 Ga. App. 92, 93 (1) (c) (351 SE2d 236) (1986). See also *Meier v. State*, 190 Ga. App. 625 (3) (379 SE2d 588) (1989). See generally *Williams*, supra, 261 Ga. at 641 (2) (a).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008 —
RECONSIDERATION DENIED JUNE 30, 2008.

*James D. Hudson*, for appellant.
*Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.