### A09A0505. COLLINS v. THE STATE.
(677 SE2d 407)

DOYLE, Judge.

After a bench trial before the Grady County Superior Court, Braxton Lee Collins was found guilty of attempting to possess marijuana.[1] On appeal, Collins contends that the evidence was insufficient to support his conviction. For the reasons that follow, we affirm.

---

[1] OCGA §§ 16-4-1; 16-13-30 (j) (1).

Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and the appellate court construes the evidence in favor of the judge's determination of [Collins]'s guilt. The appellate court does not weigh the evidence or determine witness credibility, but merely determines the sufficiency of the evidence.[2]

So viewed, the evidence shows that on October 18, 2002, officers were conducting an undercover investigation in an area of Grady County known for previous drug activity by posing as drug dealers loitering in front of a residence. At approximately 5:00 p.m., a vehicle driven by Collins pulled up near the house; the officers approached Collins, who remained in the vehicle, and he asked them for a $10 bag of "tree," which is slang for marijuana. One officer handed Collins a bag of oregano, which the officers were using in place of marijuana, but Collins smelled it and handed it back to the officer, saying "I don't want that one . . . give me another one." The officer gave Collins another bag containing oregano, and the officer testified that Collins pulled his wallet out of his left pocket, at which point a team of "takedown" officers came up to the vehicle and apprehended Collins. After being read his rights, Collins was questioned, and he admitted that he drove to that area of town in order to buy marijuana.

Collins testified at trial that he was driving in the area of the undercover operation, and as he stopped at a stop sign near the residence, the undercover officers waved him over to them. He admitted that he asked them if they had any marijuana, using the term "trees." Collins testified that the officers gave him a bag of purported marijuana, which he smelled and then handed back, and the officers attempted to give him another bag of the purported drug, which he explained he did not want. Collins also testified that he never kept his wallet in his left pocket — only his right, and he tried to pull away from the residence after telling the undercover officers he did not want any marijuana, but was stopped by the arresting officers. Collins testified that he never took possession of the second bag.

1. "An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime . . . ; and third, a failure to consummate its commission."[3]

---

[2] (Footnotes omitted.) *Boyd v. State*, 291 Ga. App. 528, 529-530 (662 SE2d 295) (2008); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citation and punctuation omitted.) *Howell v. State*, 157 Ga. App. 451, 454 (4) (278 SE2d 43) (1981).

First, Collins argues that the evidence was not sufficient to support the verdict because he abandoned his effort to purchase marijuana by telling the undercover officer that he did not want any marijuana after refusing the first bag of purported drugs. However, the officers testified at trial that Collins pulled his wallet out of his pocket after asking for marijuana and taking possession of the second bag represented to contain the drug. The trial court was authorized to believe that testimony even though it conflicted with the testimony given by Collins.[4] Accordingly, his argument is without merit.

Next, Collins argues that the evidence was not sufficient because the State did not prove he was carrying any money, and thus, he would not have been able to complete the purchase. Collins cites to *Guzman v. State*[5] in support of his contention that the State's failure of proof should result in reversal because completion of the crime was impossible without money, but that case is physical precedent only and not binding.[6] Moreover, *Guzman* is distinguishable. After his arrest, Collins confessed that he intended to purchase marijuana from someone in the area, which authorized the trial court to find that he had the requisite intent to possess marijuana, through purchase or through another means, while the defendant in *Guzman* made no such statement to authorities. Additionally, the testimony here authorized the trial court to find that Collins took steps in furtherance of the crime, including soliciting the undercover officers for marijuana and asking for another bag after finding the first one unsatisfactory.

Finally, Collins argues that the evidence is insufficient because the State alleged in the indictment, but failed to prove at trial, that he negotiated with the officer when he attempted to buy the marijuana. Pretermitting whether the State was required to prove that Collins negotiated with the officer in attempting to possess marijuana, there was sufficient evidence in the record to authorize the trial court to find that Collins did negotiate. To negotiate is "[t]o communicate with another party for the purpose of reaching an understanding,"[7] which Collins did when he asked the officer if he had any "tree," when he told the officer he did not want the first bag of purported marijuana, and when he asked if the officer had another bag of marijuana. Accordingly, we find no reversible error.

2. In his argument regarding the sufficiency of the evidence,

---

[4] See *Boyd*, 291 Ga. App. at 530.

[5] 206 Ga. App. 170, 171-172 (2) (424 SE2d 849) (1992) (physical precedent only).

[6] See Court of Appeals Rule 33 (a).

[7] Black's Law Dictionary 1059 (7th ed. 1999).

Collins asserts that the accusation was flawed because it improperly alleged that he attempted to buy organic material represented to be marijuana, rather than marijuana. We do not reach this claim because Collins failed to enumerate the error in his brief.[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 7, 2009.

*Robert R. McLendon IV*, for appellant.

*Joseph K. Mulholland, District Attorney, J. Brown Moseley, Charles E. Rooks, Assistant District Attorneys*, for appellee.

---

[8] See *Elamin v. State*, 293 Ga. App. 591, 594 (5), n. 7 (667 SE2d 439) (2008) ("a party cannot expand his enumerations of error through argument or citation in his brief") (citation and punctuation omitted).