### A11A0505. LOWE v. THE STATE.
(712 SE2d 633)

ADAMS, Judge.

Charles Edward Lowe, Jr., was convicted by a jury of trafficking in cocaine. He appeals following the denial of his motion for new trial, contending that the trial court erred by admitting certain evidence at trial and that his trial counsel was ineffective.

On November 9, 2006, officers with the Carroll County Crime Suppression Unit went to 2197 Shady Grove Road in Carroll County to execute a search warrant. The officers knocked on the door and entered the residence after Lowe opened the door; they then immediately proceeded to conduct a pat-down search of Lowe for officer safety, and during that search, $1,500 in United States currency in various denominations was discovered. Reshad Bailey, who was also in the residence and had an outstanding warrant against him, was placed under arrest. The search of the premises continued, and officers discovered what was subsequently identified as a large quantity of cocaine that appeared to be packaged for distribution in a brown paper bag in the kitchen area. In addition to the suspected cocaine, and $1,500 found on Lowe's person, officers also found a police scanner, a handgun, and documents with Lowe's name on them in the residence.

Both Lowe and Bailey were transported to and booked at the Carroll County jail. While at the jail, Lowe made numerous telephone calls and his conversations were recorded. On appeal, Lowe contends that the trial court erred by allowing some of these recordings to be played at trial, and that his trial counsel was ineffective for failing to object to certain testimony and for failing to file a motion to suppress the money seized from his person. Having reviewed these contentions, we find that Lowe is not entitled to a new trial for any of the reasons asserted, and affirm his conviction accordingly.

1. Lowe first contends that the trial court erred by admitting the recordings of the telephone calls he made from the jail because the State failed to lay a proper foundation prior to the admission of this evidence.

The State may lay a proper foundation for admission of a recorded telephone conversation of an inmate by showing that the recording device was working properly and that the recording was accurately made; the manner in which it was preserved; that no

alterations have been made to the recording; the identity of the speakers; and that the inmate was aware that the conversation was subject to being recorded. *Davis v. State*, 279 Ga. 786, 788 (5) (621 SE2d 446) (2005). See also *Page v. State*, 249 Ga. 648, 650 (2) (b) (292 SE2d 850) (1982).

The transcript shows that the recordings were admitted based on the testimony of Lashirey Bryant, who was charged along with Lowe and Bailey but prosecuted separately, and Investigator Telisha Gibson, an investigator with the Crime Suppression Unit of the Carroll County Sheriff's Office who was the lead investigator in this case.

Bryant testified first and stated that she had a telephone conversation with Lowe while he was incarcerated at the jail, and that she had listened to and recognized a recording of that conversation before trial. Following Lowe's trial counsel's strenuous objection to the introduction of the recording, the trial court allowed the recording to be played for the jury, subject to there being a disclaimer on the recording advising that the call was subject to being monitored.

After a portion of the tape was played, Bryant resumed testifying and testified that the recording that was played for the jury was the same recording that she had listened to before trial that morning. The recording was then resumed. During the conversation, Lowe asked Bryant if she was still selling drugs, and instructed her to move the location of the drug transactions so she would not get in trouble.

Following this testimony, Investigator Gibson testified that the Carroll County jail is run by the Carroll County Sheriff's Office, and that as an employee of that office she was familiar with many of the jailhouse procedures. Gibson described the typical booking procedure for inmates coming into the jail, and testified specifically that each inmate is assigned a unique number by the computer when he is booked in for the first time, and that number is used by inmates to make calls outside the jail.

Gibson further testified that the calls made from the jail are monitored, recorded and stored by a computer system, and that she had been trained to go into the system and search for calls made by the inmates. She also testified that once it is determined that an inmate has been calling a particular number, the computer database allows a search to be made using that "target" number. She testified that they can also search for inmate calls coming from a particular "pod" where the inmates are housed because each phone has a specific identification "mark" in the computer system. Further, she testified that they can search for calls by date or date range.

Using these techniques, Gibson testified that she identified calls

being made from the pod where Lowe was housed that used his identification number. Those calls included a call made to a certain number, and Bryant told Gibson the number belonged to her and provided Gibson with another number that she said would allow "three way" calls from Lowe to her. Gibson listened to the call Lowe made to Bryant and other calls made by Lowe as well, and some of those recordings were also played for the jury.

Citing *Davis*, 279 Ga. at 788 (5), Lowe argues on appeal that this evidence was improperly admitted because the custodian of the records did not testify at trial and thus the State failed to lay the proper foundation for admission of these recordings. However, *Davis* did not mandate that only someone with the title of "custodian of records" can establish the authenticity and correctness of recordings such as those at issue in this case. Considering the circumstances here — Gibson's knowledge of the procedures at the jail, including how inmates can make calls from the jail and how these calls are monitored and stored by the computer, her training and experience in searching the computer for the inmates' outside calls, her specific knowledge of this case, including listening to the recordings and identifying the numbers called as well as the speakers, and Bryant's testimony identifying Lowe as the other voice on the recording, we are unpersuaded by Lowe's arguments that the State failed to lay a proper foundation so as to authorize admission of the recordings. This enumeration is thus without merit.

2. Lowe also contends that his trial counsel was ineffective.

(a) Lowe first contends that his trial counsel was ineffective because he failed to object to portions of Gibson's testimony. Specifically, Lowe contends that trial counsel should have objected when Gibson was allowed to "interpret" the recordings of the inmate phone calls by explaining the meaning of certain words and phrases used during the calls. Lowe argues this testimony was speculative, constituted improper opinion evidence and improperly invaded the province of the jury. In support of this argument, Lowe points to the fact that Gibson was not qualified as an expert in street slang or drug terminology, and thus, he posits, was testifying as a lay witness about opinions the jurors could reach for themselves.

We disagree with these contentions. Gibson's qualifications as a narcotics investigator were established by her testimony at trial, and she made it clear that she was explaining the meaning of certain slang terms used during the conversations based on her experience with drug investigations. Moreover, we disagree with Lowe's contention that these terms were not outside the ken of the average juror. Expressions such as "work" (meaning cocaine) or sending someone on a "hump bug" (wild goose chase) are clearly not part of the everyday vernacular, or even part of "everyday" slang. In our view,

it was permissible to have this unique terminology explained to the jury.[1]

Moreover, some of the recorded conversations made sense only if placed in context, or if the individuals discussed during the conversation were identified. For example, during one conversation the drug investigation that led to the arrests here is being discussed and reference is made to Gibson herself as well as the vehicle she drives. Clearly, the jury would have no way of understanding those references without Gibson's explanation.

(b) Lowe next contends that his counsel should have objected and moved for a mistrial when the prosecuting attorney elicited inadmissible character evidence. Specifically, Lowe contends his trial counsel should have objected when, in response to the prosecutor's question, "what is this about the weed charges he is mentioning" during the conversation, Gibson replied that Lowe had been arrested twice for "weed" charges just prior to the execution of the search warrant in this case. Lowe also contends that his trial counsel should have objected when Gibson testified that some of the numbers in his phone were "consistent with people that had been mentioned as being associated with a murder." But even assuming that trial counsel performed deficiently by failing to object to this testimony, Lowe has failed to show a reasonable probability that the outcome of his trial would have been different. E.g., *Patterson v. State*, 285 Ga. 597, 600 (5) (679 SE2d 716) (2009); *Swanson v. State*, 282 Ga. 39, 44 (6) (644 SE2d 845) (2007); *Coleman v. State*, 271 Ga. 800, 804 (6) (523 SE2d 852) (1999). The evidence of the crime charged was overwhelming, including Bryant's testimony that Lowe paid the rent and lived in the house where the contraband was found, her testimony concerning Lowe's drug dealing activities, the recordings of the telephone conversations that were played for the jury in which drug dealing was discussed, and the physical evidence secured during the search of the premises. This argument thus presents no basis for reversal.

(c) Lowe also contends that his trial counsel was ineffective because counsel did not file a motion to suppress the approximately $1,500 discovered when he was searched, arguing that the search was not authorized because he was not named on the warrant and the State failed to show the search was justified by the officers' concerns for their safety. Again, however, Lowe cannot show the

[1] We note that we often refer to street slang in narcotics cases, and that we routinely include an interpretation of those terms, often based on the testimony of a law enforcement official. E.g., *Durham v. State*, 309 Ga. App. 444 (710 SE2d 644) (2011); *Williamson v. State*, 300 Ga. App. 538, 542 (685 SE2d 784) (2009); *Collins v. State*, 297 Ga. App. 364, 365 (677 SE2d 407) (2009); *Ballard v. State*, 268 Ga. App. 55, 56 (601 SE2d 434) (2004).

required prejudice because even if this evidence had been excluded, the remaining evidence adduced at trial was overwhelming. Moreover, even when combined with the other assumed instances of ineffectiveness, we find that Lowe has failed to establish that there is a reasonable probability that, but for these alleged deficiencies, the outcome of his trial would have been different. *Patterson*, 285 Ga. at 602 (5) (c). It follows that Lowe is not entitled to a new trial on the basis that his trial counsel was ineffective.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JUNE 22, 2011.

*Drummond & Swindle, Jason W. Swindle,* for appellant.
*Peter J. Skandalakis, District Attorney, Vincent J. Faucette, Assistant District Attorney,* for appellee.