**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A2311. BEENE v. THE STATE.

McFADDEN, Chief Judge.

Ronnie Beene appeals from his conviction for conspiring to possess methamphetamine. Recordings of telephone calls to him from Beene's jailed co-conspirator were a significant part of the state's evidence against him. On appeal, Beene argues that the trial court improperly admitted these recordings because the state had not established a foundation for the admission of the recordings that satisfied requirements set forth in cases decided before the enactment of Georgia's new Evidence Code. But those specific requirements no longer apply under the new Evidence Code. The evidence presented by the state authorized the trial court to admit the recordings under OCGA § 24-9-923 (c), so we affirm.

Viewed in the light most favorable to the conviction, the trial evidence showed that in March 2015 Beene's brother was an inmate at a county jail. While there, the brother initiated a series of telephone calls to Beene and others in which he discussed money and methamphetamine that he had hidden in his house. In some of the calls, Beene told his brother he could not find the items and the brother described to Beene where he had hidden them. The calls from the jail were automatically recorded. After listening to some of the recordings, law enforcement officers obtained a warrant to search the brother's house, where they found shards of methamphetamine in the hiding place that the brother had described to Beene. In an interview, Beene told the officers that he had found nothing in the hiding place.

Over Beene's objection, the trial court allowed the state to present to the jury the recordings of the telephone calls. Beene argues that this was error because the state did not establish the necessary foundation for admission of the calls. Specifically, he asserts that the state did not show several foundational factors set out in cases decided under our former Evidence Code, such as *Davis v. State*, 279 Ga. 786, 788 (5) (621 SE2d 446) (2005), and *Lowe v. State*, 310 Ga. App. 242, 242-243 (1) (712 SE2d 633) (2011). But the specific factors described in those cases do not apply under our new Evidence Code. *Smith v. State*, 300 Ga. 538, 540 (2) (a) (796

2

SE2d 666) (2017); *Jones v. State*, 299 Ga. 40, 45 (4) (785 SE2d 886) (2016). Instead, to obtain admission of evidence of an automated jailhouse recording, the state must meet the requirements of OCGA § 24-9-923 (c), *Jones*, supra, which pertinently provides that,

> [s]ubject to any other valid objection, . . . audio recordings produced at a time when the device producing the items was not being operated by an individual person or was not under the personal control or in the presence of an individual operator shall be admissible in evidence when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered[.]

OCGA § 24-9-923 (c).

The trial court in this case did not abuse her discretion in finding that the state met these requirements. See *Smith*, 300 Ga. at 539 (2) (applying abuse of discretion standard to review of trial court's admission of recording evidence under OCGA § 24-9-923 (c)). To demonstrate the required foundation for the recordings, the state presented testimony from an investigating officer who had reviewed the recordings. The officer described how the jail's automatic recording system worked and how he retrieved those particular recordings. He stated that he was familiar with the voices of both Beene and his brother and identified their voices in the recordings. He

testified that, in his experience, the jail's system records calls accurately, and he stated that he discerned no breaks, skips, or deletions in the specific recordings at issue. He also explained that, at the beginning of any call, the system notified the participants that the call was being recorded.

"Because this competent evidence would tend to show reliably that the automated recording[s were] in fact . . . recording[s] of the phone call[s] that [Beene's brother] made [to Beene and others] from jail, we find no error in the trial court's determination that this evidence was admissible." *Jones*, 299 Ga. at 45 (4). See *Reid v. State*, 306 Ga. 769, 778-779 (3) (b) (833 SE2d 100) (2019); *Seabrooks v. State*, 306 Ga. 670, 673 (2) (b) (832 SE2d 847) (2019); *Smith*, 300 Ga. at 540 (2) (a).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*